UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARC F. GLISSMAN, | : |
| Plaintiff, | : |
| | : Case No. 2:17-cv-39 |
| VS. | : |
| WILLIAM GROSS and W.H. GROSS CONSTRUCTION COMPANY, | : |
| Defendants. | : |

## COMPLAINT

Marc F. Glissman, plaintiff herein, states his claims against William H. Gross and W.H. Gross Construction Company, defendants herein, as follows:

### Parties, Jurisdiction, and Venue

1. Marc F. Glissman, ("Glissman"), is a resident of Odenville, St. Clair County, Alabama and is over the age of nineteen (19) years.

2. William Gross ("Gross"), is a resident of Camden County, Georgia, and is over the age of 19 years.

3. W.H. Gross Construction Company ("Gross Construction"), is a Georgia company registered with the Georgia Secretary of State. Gross Construction has its principal place of business in Camden County, Georgia; and therefore, Gross Construction is subject to personal jurisdiction of this Court.

4. This Court has subject matter jurisdiction over Glissman's contract and *quantum meruit* claims against Gross and Gross Construction under 28 USC § 1332, as Gross Construction is a Georgia Corporation, Glissman is a citizen of Alabama, and the controversy exceeds the sum

1

or value of $75,000.00, exclusive of interest and costs.

5. Venue is proper for Glissman's claims against Gross and Gross Construction since the project at issue in this case is located in the Southern District of Georgia.

6. On or about January of 2015, Glissman and Gross, individually and on behalf of Gross Construction, entered into a contract whereby Glissman would perform services as Project Manager, or General Supervisor, of the Epic Adventures Resort project located in Kingsland, Georgia (the "Project").

7. Glissman was to be paid for the services performed in accordance with the contract agreement (the "Agreement").

8. Glissman performed services as Project Manager, or General Supervisor, in accordance with the Agreement.

9. Gross Construction failed to pay to Glissman the amounts due pursuant to the Agreement.

10. Gross Construction is indebted to Glissman for services performed on the Project in the principal sum of $168,000.00.

## Count One: Breach of Contract

11. All conditions precedent to the claims stated herein have occurred, been performed, or been excused by virtue of the actions of the parties hereto.

12. All proceeding allegations consistent with this count are incorporated and re-alleged as if expressly set forth herein.

13. Gross and Gross Construction breached the terms of the Agreement with Glissman by failing to pay to Glissman the amounts due pursuant to the Agreement.

14. As a direct result of Gross and Gross Construction's breach of contract, Glissman

has incurred damages in the amount of $168,000.00.

15. There exists no bona fide dispute regarding Gross and Gross Construction's failure to pay Glissman for services performed, and therefore, Gross and Gross Construction have acted in bad faith, been stubbornly litigious, and put Glissman to unnecessary trouble and expense, and Glissman is entitled to recover of Gross and Gross Construction all costs of this action, including reasonable attorney's fees.

## Alternative Count Two: Quantum Meruit

16. All proceeding allegations consistent with this count are incorporated and re-alleged as if expressly set forth herein.

17. At the request of Gross and Gross Construction, Glissman performed work and provided services for the Project pursuant to the Agreement.

18. To the extent that Agreement is not recognized as a contract, then in the alternative, Gross and Gross Construction are liable to Glissman in *quantum meruit* for having requested, accepted, and benefited from the work and services performed by Glissman.

19. As a direct and proximate result of Gross and Gross Construction's failure to compensate Glissman for said labor and services, Glissman has incurred damages in the amount of $168,000.00.

20. There exists no bona fide dispute regarding Gross and Gross Construction's failure to pay Glissman for services performed, and therefore, Gross and Gross Construction have acted in bad faith, been stubbornly litigious, and put Glissman to unnecessary trouble and expense, and Glissman is entitled to recover of both Gross and Gross Construction all costs of this action, including reasonable attorney's fees.

Therefore, Glissman demands a trial by jury of its claims, to the extent not disposed of as

a matter of law, and prays as follows:

(a)   That it recover of Gross and Gross Construction on count one in the principal sum of $168,000.00, plus interest at the legal rate, plus all costs of this action, including reasonable attorney's fees;

(b)   That, alternatively, it recover of Gross and Gross Construction on count two in the principal sum of $168,000.00, plus interest at the legal rate, plus all costs of this action, including reasonable attorney's fees;

(c) That it have a trial by jury; and

(d) That it have such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/ Mathew M. McCoy
Mathew M. McCoy
Georgia Bar #486273
Attorney for Plaintiff

McCorkle & Johnson, LLP
319 Tattnall Street
Savannah, Georgia 31401
Phone:  (912) 232-6000
Fax:    (912) 232-4080
Email:  mmm@mccorklejohnson.com

q:\data\wpdata\8100\8130-01 glissman federal complaint.docx